# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1136V
### Filed: June 2, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JOSE GUADALUPE GARCIA, II, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Meningococcal Vaccine; |
| | * | Vasovagal Syncope; Attorneys' Fees |
| SECRETARY OF HEALTH | * | and Costs Decision Based on Proffer; |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Larry Lee Thweatt, Jr., Esq., Terry & Thweatt, PC, Houston, TX for petitioner.*
*Lisa Watts, Esq., U.S. Department of Justice, Washington, DC for respondent.*


## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Vowell**, Chief Special Master:

On November 21, 2014, Jose Guadalupe Garcia, II filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered injuries resulting from fainting after receiving the meningitis vaccine on December 26, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 6, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. On June 2, 2015, respondent filed a proffer on award of compensation ["Proffer"] detailing compensation in the amount of $7,091.00 for future un-reimbursable medical expenses, $69,112.54 for actual and projected pain and suffering, and $23,796.46 for past un-reimbursable expenses for a total of $100,000.00. Proffer at 1-2. Respondent averred that petitioner agreed to the amounts set forth therein. *Id.* This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

The proffer also included an award of attorneys' fees and costs in the amount of $16,775.55 to which petitioner agreed. Proffer at 2. The proffer indicates that "petitioner intends to file a statement confirming that he incurred no out-of-pocket expenses in proceeding on the petition." *Id.* This statement is sufficient for compliance with General Order #9.

The Vaccine Act permits an award of reasonable fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed total amount of $16,775.55 to be reasonable.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a payment of $116,775.55 as follows:**

a. a lump sum payment of **$100,000.00** in the form of a check payable solely to petitioner, Jose Guadalupe Garcia, II;

b. a lump sum payment of **$16,775.55** in the form of a check payable jointly to petitioner, Jose Guadalupe Garcia, II and petitioner's counsel, Larry Lee Thweatt, Jr.

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| JOSE GUADALUPE GARCIA, II, | ) | |
| | ) | **ECF** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 14-1136V |
| | ) | Chief Special Master |
| SECRETARY OF HEALTH AND HUMAN | ) | Denise K. Vowell |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

  A. Future Un-Reimbursable Medical Expenses

Respondent proffers that, based on the evidence of record, petitioner is likely to incur

$7,091.00 in future un-reimbursable medical expenses, representing the cost of oral surgery as a

result of his vaccine-related injury.   See 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

  B. Lost Earnings

The parties agree that based upon the evidence of record, it is unlikely that petitioner's

vaccine-related injury will impact his future earnings capacity.   See 42 U.S.C.

§ 300aa-15(a)(3)(A).   Petitioner agrees.

  C. Pain and Suffering

Respondent proffers that petitioner should be awarded $69,112.54 in actual and projected

pain and suffering.   See 42 U.S.C. § 300aa-15(a)(4), (f)(4)(A).   Petitioner agrees.

D.      Past Un-reimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past un-reimbursable expenses related to his vaccine-related injury.   42 U.S.C. § 300aa-15(a)(1)(B).   Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $23,796.46.   Petitioner agrees.

E.      Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against him.

F.      Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorneys' fees and litigation costs in the amount of $16,775.55 incurred in pursuit of this petition.   In compliance with General Order #9, petitioner intends to file a statement confirming that he incurred no out-of-pocket expenses in proceeding on the petition.   Respondent proffers that petitioner should be awarded $16,775.55 for attorneys' fees and costs, as provided under 42 U.S.C. § 300aa-15(e)(1).   Petitioner agrees.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.   A lump sum payment of $100,000.00, representing petitioner's future medical expenses ($7,091.00), pain and suffering ($69,112.54), and past un-reimbursable expenses ($23,796.46) in the form of a check payable to petitioner.

---

[1]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future pain and suffering and future medical expenses.

B.   A lump sum of $16,775.55 in the form of a check payable to petitioner and

petitioner's attorney, L. Lee Thweatt, Esq., for attorneys' fees and costs.

Petitioner agrees to endorse this payment to petitioner's attorney.

1.      Guardianship

Petitioner is a competent adult.   Evidence of guardianship is not required in this case.

## III.   Summary of Recommended Payments Following Judgment

A.      Lump sum paid to petitioner for future un-reimbursable expenses,
pain and suffering, and past un-reimbursable expenses:      **$100,000.00**

B.      Attorneys' Fees and Costs paid jointly to petitioner and his
counsel:      **$16,775.55**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.   20044-0146
Telephone: (202) 616-4099

Dated: June 2, 2015.